# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### WESTERN DIVISION

Eddie Griffin,                                    Case No. 3:18 CV 1213

        Plaintiff,                            JUDGE JAMES G. CARR

        v.
                                                 **ORDER**
John Doe, *et al.*,

        Defendants.


*Pro se* Plaintiff Eddie Griffin, an Illinois resident, has filed a complaint in this action against "John Doe (Sheriff)," "Ottawa County Ohio," and "Port Clinton Ohio" (Doc. 1), along with motions to proceed *in forma pauperis* (Doc. 4) and for attorney representation (Doc. 5).

His complaint does not set forth cogent factual allegations of conduct by, or any specific legal claims against, any of the named defendants. The only discernible allegations in his complaint are made against "F.B.I. agent Rochelle Fleming," who is not a named defendant. He alleges Agent Fleming broke into his house, stole his ID and car and had him arrested in May 2014. He further alleges that while he was locked up in the Port Clinton City Jail, he was raped "over and over again" by Agent Fleming, "two to three time[s] a day" when he would go to sleep. (Doc. 1at 5.) The plaintiff has previously filed two federal cases against Agent Flemings, with whom he alleged he had a personal relationship, in the Northern District of Illinois. Both of these cases were dismissed as frivolous and for failure to state a claim. *See Eddie Griffin v. Rochelle Flemings*, Case No. 16 C 5124 (N.D. Ill. May 25, 2016) (Sharon Johnson Coleman, J.)*; Griffin v. Rochelle Flemings*, Case No. 15 C 8039 (N.D. Ill. Oct. 20, 2015) (Sara L. Ellis, J.).

Although the standard of review for *pro se* pleadings is liberal, the generous construction afforded *pro se* plaintiffs has limits. *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). *Pro se* plaintiffs must still meet basic pleading requirements, and courts are not required to conjure allegations on their behalf. *See Erwin v. Edwards*, 22 F. App'x 579, 2001 WL 1556573 (6th Cir. Dec. 4, 2001). Federal district courts are required, under 28 U.S.C. § 1915(e)(2)(B), to screen all *in forma pauperis* complaints filed in federal court, and to dismiss before service any such action that the court determines is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). To state a claim on which relief may be granted, a complaint must set forth sufficient factual matter, accepted as true, to state claim to relief that is plausible on its face. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) governs dismissals of *pro se* complaints under 28 U.S.C. § 1915(e)(2)(B)). Although detailed factual allegations are not required, the "allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Additionally, they must be sufficient to give the defendants "fair notice of what [the plaintiff's] claims are and the grounds upon which they rest." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002).

The plaintiff's complaint does not meet basic requirements and fails to state any plausible federal claim on which relief may be granted against any defendant in the case.

## Conclusion

Accordingly, the plaintiff's motion to proceed *in forma pauperis* (Doc. 4) is granted, his motion for appointment of counsel (Doc. 5) is denied, and this action is dismissed pursuant to 28

U.S.C. § 1915(e)(2)(B).  The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

/s/ James G. Carr
_____
JAMES G. CARR
UNITED STATES DISTRICT JUDGE